<table>
<tr><td>37</td><td>61</td></tr>
<tr><td>94</td><td>233</td></tr>
<tr><td>94</td><td>562</td></tr>
</table>

<table>
<tr><td>37</td><td>61</td></tr>
<tr><td>115</td><td>130</td></tr>
</table>

<table>
<tr><td>37</td><td>61</td></tr>
<tr><td>122</td><td>82</td></tr>
</table>

<table>
<tr><td>37</td><td>61</td></tr>
<tr><td>127</td><td>26</td></tr>
</table>

# S. G. WORDEN AND S. G. TRYON v. J. H. HAMMOND AND WIFE AND GEORGE TREAT.

MECHANIC'S LIEN ACT OF 1862—WRITTEN CONTRACTS UNDER IT.—It appeared at the trial of an action by W. against H. to foreclose a mechanic's lien under the Act concerning the liens of mechanics and others, (Stats. 1862, p. 384,) that H. entered into a contract with W., by which W. agreed to build upon the lot of H. a barn, "agreeable to the drafts, plan, and explanation hereto annexed, marked 'A,'" and H. agreed to pay for the same three hundred and twenty dollars, "upon the completion of said barn, as per specifications;" that, in fact, no draft, plan, or specifications were attached to the contract, but an unsigned paper was produced, and testimony received, under the objection of H., tending to prove that it contained the plans and specifications alluded to in the contract; Held, first, that "the specifications" were an essential part of the contract; second, that the reference made in the contract to "the specifications" being false, cannot be

helped out by oral evidence; and third, that without "the specifications" there was not such "a contract in writing, subscribed by the party to be charged thereby," as is required by the second section of said Act to entitle the contractor to acquire the lien therein provided for.

IDEM—To WHAT INTEREST THE LIEN ATTACHES.—Said Act provides only for the acquisition by the contractor of a lien on the interest of the employer in the property sought to be charged, whether that be a fee simple interest or less.

IDEM.—T. was the owner of a lot of land, of which H. was in possession, under a contract of sale from T.; W. erected a building on the lot, under a contract made by him with H., and against T. and H. recovered judgment enforcing a lien for the contract price on the interests of both T. and H. in the land; *Held,* that W.'s lien did not affect the interest of T., and that T. was improperly made a party to the action.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to enforce a mechanic's lien under the Act of 1862 (Stats. 1862, p. 384) concerning the liens of mechanics and others, on a lot and buildings in the City and County of San Francisco. Defendant J. H. Hammond, with whom the building contract was entered into by the plaintiffs, was, at the date of the contract, and when the action was commenced, in possession of said lot under a contract entered into by him with defendant Treat for the purchase of the same. By this latter contract, the title to the lot, which was in defendant Treat, was to be conveyed upon the full payment of the purchase price, which was due when said building contract was entered into. The averment of the complaint in respect to defendant Treat was as follows: "Plaintiffs allege, upon information and belief, that the said defendant, George Treat, has or claims some interest in the said premises, but what said interest is plaintiffs do not know and cannot state." The answers of the defendants set up the foregoing facts. The plaintiffs had judgment, as prayed. The defendants moved for a new trial, which was denied, and appealed from the judgment and the order denying a new trial.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellants.

No sufficient contract in writing was shown, and, therefore, no lien could attach or action be maintained, as the contract price was over two hundred dollars. (Stats. 1862, p. 384, Sec. 2.) The defect in the contract could not be helped out by oral evidence. (*Boydell* v. *Drummond,* 11 East. 149.) The Court erred in rendering judgment against defendant Treat. (Act concerning the liens of mechanics and others, Stats. 1862, p. 384, Sec. 4; *San Francisco* v. *Lawton,* 18 Cal. 465.)

*M. H. Myrick,* for Respondents.

Appellants object that Treat was made a party, and to that part of the decree which compels a sale to satisfy his claim. Why did they not object to Treat being a party, either by demurrer or answer? Failing to do so, the objection is waived. (Prac. Act, Sec. 45.)

But further, we say, that upon the foreclosure of a mechanic's lien, all persons interested in the subject matter, viz: the property, should be made parties; and that the clause in reference to the interest to be sold, is to declare that such sale shall be with reference to their rights; that a mechanic's lien shall not override all other liens or interests. A foreclosure of a lien of this kind is a proceeding in equity; and the object of making persons, other than parties to the contract, parties to the suit, is that all the rights of persons interested in the premises may be adjudicated upon and determined. (*West* v. *Fleming,* 18 Ill. 248; *Sutherland* v. *Ryerson,* 24 Ill. 517; *Goodman* v. *White,* 26 Conn. 317; *San Francisco* v. *Lawton,* 18 Cal. 465; *Burton* v. *Lies,* 21 Cal. 91; *Elias* v. *Verdugo,* 27 Cal. 418; *McPherson* v. *Parker,* 30 Cal. 457; *Wilson* v. *Castro,* 31 Cal. 420; *Whitney* v. *Higgins,* 10 Cal. 553; *Close* v. *Hunt,* 8 Blackf. 254; *Froth* v. *Hunt,* 8 Blackf. 580; *Tibbets* v. *Moore,* 23 Cal. 208.)

By the Court, RHODES, J.:

Hammond entered into a contract with Worden and Tryon, by which the latter agreed to build upon the lot of the former a barn, "agreeable to the draft, plan, and explanation hereto annexed, marked 'A;'" and Hammond agreed to pay for the same three hundred and twenty dollars in gold coin, "upon the completion of said barn, as per specifications." No draft, plan, or specifications were attached to the contract, but an unsigned paper was produced by the plaintiffs, which they testified was the plan or specifications referred to in the contract. The point is taken by the defendants Hammond and wife, that no sufficient contract is shown to entitle the plaintiffs to the benefit of the lien provided for in the Mechanics' Lien Law.

It is provided by section two of the Act of 1862, (Stats. 1862, p. 384,) that the contracts mentioned in section one of the Act, which entitle contractors to acquire the liens therein provided for, shall be in writing and subscribed by the party to be charged thereby, where the sum to be paid thereunder exceeds two hundred dollars. The specifications are an essential part of the contract, and are as material as the price of the work or the terms of payment; for the contract price was not to be paid until the barn was completed according to the specifications. It is not indispensable that the specifications be signed by the party to be charged, but it will be sufficient if they are referred to with certainty. But where the reference is false, it cannot be helped out by oral evidence. Here the specifications were referred to as annexed to the contract, and when the plaintiffs were permitted to introduce in evidence, as the specifications referred to, a paper which they admitted was never attached to the contract, if they did not thereby contradict the written contract, they added to its terms by oral evidence. The two instruments, taken together, contain all the necessary terms of the contract; and if the written contract had contained a reference to the specifications in such a manner that their con-

nection would be apparent upon their production, it would·
be regarded as a sufficient compliance with the statute; but
this could not be established by parol evidence without a
violation of the statute requiring the contract to be in writing
and signed by the party to be charged thereby. (*Boydell* v.
*Drummond*, 11 East. 157.)

The Act under consideration provides for the acquisition
of a lien upon the interest of the employer in the land; and
it is provided by section four that if he owns less than a fee
simple interest, then only his interest therein shall be subject
to such lien.   Treat is the owner of the lot, and Hammond
is in possession under a contract of sale made between Treat
and Hammond, and no part of the purchase money has been
paid.   Treat does not occupy the position of a mere lien-
holder, but he holds the legal title.   The plaintiffs' lien, had
they acquired one, did not affect the title held by Treat, and
his title is not the proper subject of litigation in this action,
as the object of the action is to enforce the plaintiffs' lien
against Hammond's interest, and not to ascertain or deter-
mine the respective rights or interests of Hammond and
Treat as against each other.

The plaintiffs contend that the action is governed by the
rules in equity applicable to the foreclosure of mortgages;
but none of the cases they cite hold that a title prior,
superior, or adverse to that held by the mortgagor at the
time of the execution of the mortgage is involved, or should
be brought into the litigation for the foreclosure of the
mortgage.   The fact that the purchase money was due to
Treat at the time the action was commenced makes no dif-
ference in the application of the principle, for Treat's title is
the same, whether the purchase money has become due or
not, and stands unaffected by the plaintiffs' lien.   Had his
interest been only that of a vendor's lien upon Hammond's
interest, the question would have been quite different from
that arising upon the facts now presented.   This objection is
not waived by the failure of the defendants to take it by

demurrer or answer, on the ground of a misjoinder of parties or of causes of action, for Treat's title is not alleged in the complaint. The only interest sought by the complaint to be charged with the lien is the interest of Hammond in the premises, and the allegation that Treat has or claims some interest in the premises, must be construed as an averment of an interest in the title held by Hammond, and not of a title both prior and superior to that of Hammond.

Judgment reversed, and remittitur directed to issue forthwith.


SPRAGUE, J., concurring specially:

I concur in the judgment upon the second and third grounds stated in the opinion of my associates.

Mr. Chief Justice SAWYER expressed no opinion.