[L. A. No. 707.   Department Two.—June 25, 1900.]

## L. W. BLINN LUMBER COMPANY, Appellant, v. JAMES W. WALKER et al., Respondents.

MECHANICS' LIENS—CONTRACTOR FULLY PAID—VALID CONTRACT.—Where the contractor has been fully paid according to the terms of a valid building contract, no mechanics' liens can be enforced against the owner of the building.

ID.—SUFFICIENCY OF MEMORANDUM OF CONTRACT.—Where the original contract consisted of three parts, each signed by the parties, consisting of the agreement, the specifications, and the plans and drawings, a memorandum thereof, consisting of a verbatim copy of the contract and signatures thereto and a copy of the specifications referred to in the agreement as "signed by the parties," without giving such signatures, and a copy of the plans and drawings, referred to in the agreement as "signed by the parties and hereunto annexed," without such signatures, all of which were attached together and marked "Memorandum of contract" and filed with the recorder, is sufficient to make the contract valid, where, without the aid of oral evidence, it shows all that is required to be shown by a memorandum of the contract, under section 1183 of the Code of Civil Procedure.

ID.—ABSENCE OF SIGNATURES.—The statute does not require the memorandum to be signed; and the absence of a copy of signatures from the specifications and from the plans and drawings does not vitiate the memorandum.

ID.—MEMORANDUM NOT PURPORTING TO BE COPY OF CONTRACT.—Where there was nothing in the memorandum except the style of the writing to indicate that it was a copy of anything, its language, though reading like a contract, must be deemed that of a memorandum or statement of the substance of the contract.

ID.—REFERENCES IN MEMORANDUM TO PARTS OF ITSELF—FALSE DESCRIPTION HARMLESS—MAXIM.—The reference in the memorandum to the plans and drawings as "hereunto annexed" is to the memo-

randum itself, and not to the original contract, and the refer-ences to the specifications, plans, and drawings as being "signed by the parties," must be deemed to describe them merely as parts of the memorandum, which asserts nothing as to the mode in which they were identified in writing as parts of the original contract, and, the defect being merely in the memorandum, the maxim, *Falsa demonstratio non nocet,* applies.

Id.—Detailed Drawings Made During Construction—Harmony with Plans and Drawings Filed.—Enlarged detailed drawings prepared during the construction of the building for the instruction of the workmen, which were in harmony with and did not change or add anything to the specifications, plans, and drawings filed with the recorder, and made parts of the memorandum, are not objectionable because not filed with the memorandum of contract.

Id.—Unnecessary Reference in Contract.—A reference in the con-tract to such enlarged drawings as "detail drawings" is not to the signed plans and drawings made part of the contract, but it is an unnecessary reference, and does not affect the validity of the contract, if it indicates no change made therein.

Id.—Ambiguous Reference—Oral Evidence—Validity of Contract.— The reference to "detail drawings" is sufficiently ambiguous to justify oral evidence of the architect to explain it, and to show that it referred to a mere amplification of the drawings which were a part of the contract, made during the progress of the work for the eye of the workman to indicate how that which was called for in the contract was to be done; although, with-out such explanation, the original contract was sufficient for the purposes of the law.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinions.

Graves, O'Melveny & Shankland, for Appellant.

Anderson & Anderson, and Borden & Carhart, for Respond-ents.

GRAY, C.—This is a mechanic's lien foreclosure case. The defendant Walker, the owner of the building, had judg-ment on the theory that his contract with the contractors, his codefendants, was valid under the statute, and that a memoran-dum thereof had been duly recorded, and that nothing re-mained due thereunder to the contractors. The plaintiff ap-

peals from the judgment and from an order denying it a new trial.

The defendant Walker, as the owner, entered into a builder's contract with the defendants V. Wankowski & Co., builders. Said contract was dated October 26, 1895, and was executed in three parts. Part 1 contained the agreements and covenants of the parties, and was duly signed by them. Part 2 consisted of specifications referred to in the first part as signed by the parties, and was in fact so signed. Part 3 consisted of the plans and drawings also referred to in the first part, and bore on its face an inscription as follows: "These plans from 1 to 6 are the plans referred to in our contract dated October 26, A. D. 1895." This inscription was duly signed by the parties. After the signing of the contract, as stated, a verbatim copy of the first part including the signatures, with a copy of the second part exclusive of the signatures, and a sunprint copy bearing a photographic representation of the third part except the signatures, were attached together, and this copy of the several parts of the contract was marked "Memorandum of a contract," and on the twenty-ninth day of October, 1895, filed with the county recorder. The originals were retained in the office of the architect. The foregoing facts appeared at the trial. The document marked "Memorandum of a contract" was introduced in evidence by the plaintiff, marked exhibit "A," and the defendant Walker put the said originals in evidence also. The property on which the building was to be erected was described in the first part of the contract as "on the corner of Hope and Adams street, in the city of Los Angeles, state of California, said building to be erected on the north side of Adams street." The drawings and plans, which were a part of the contract, represented the house as facing the longer way on Adams street, with a veranda the entire length of the Adams street front. One end of the house is shown to front on Hope street, and in the drawing of the Hope street front, standing in Hope street facing the house, the veranda appears to the left of the drawing, which establishes that the house, being on the north side of Adams street, must be on the northwest corner of Hope and Adams streets. The drawings also show just where the house is located with reference to the streets, property lines, etc. It was stipulated in open court,

by counsel for both parties, that if the court determines from the evidence that plaintiff's exhibit "A" is a valid contract or memorandum thereof, or a compliance with the statute with reference to either filing a contract or a memorandum thereof, that judgment shall be entered for defendant; and, on the contrary, if the court determines from such examination and from the evidence that said plaintiff's exhibit "A" is not a valid contract or memorandum of a contract, and is not in compliance with the law, that then judgment shall be entered for the plaintiff.

Section 1183 of the Code of Civil Procedure provides that "the said contract, or a memorandum thereof, setting forth the names of all the parties to the contract, a description of the property to be affected thereby, together with a statement of the general character of the work to be done, the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable, shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated."

We think the provisions above quoted were substantially complied with in the filing of the document above referred to entitled "Memorandum of a contract." Nor is there anything in any previous decision of this court in conflict with this position. In *San Francisco Lumber Co. v. O'Neil,* 120 Cal. 455, the question of whether a copy of the contract might be treated as a memorandum under section 1183 of the Code of Civil Procedure was not involved and was not decided. The document shown in the case at bar to have been filed in the recorder's office was not treated either as an original or as a copy, but was filed as a memorandum and was so entitled. We can hardly conceive of a more complete memorandum of a contract than is to be found in a verbatim copy of it. The description contained in it was such that by the instrument itself, and without the aid of oral evidence, the building, and property on which it was situated and necessary for the convenient use of said building, could have been located on the ground. It also contained an ample statement of the general character of the work to be done as well as everything else required by the statute. The statute does not require the memorandum to be

signed. (*Joost v. Sullivan,* 111 Cal. 286.) Nor was it necessary that the signatures to the plans, specifications, and drawings should have been copied into the memorandum to make it sufficient. That the drawings and specifications had been signed by the parties appeared by a recital in the copy of the articles of agreement which constituted a part of the memorandum filed.

The objection that the enlarged detailed drawings, prepared during the course of constructing the building for the instruction of the workmen, were not attached to or made part of the original contract is without merit. Complete drawings in detail were made part of the original contract, and it is, doubtless, to these drawings that the references are made in the specifications.

We advise that the judgment and order be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.      McFarland, J.

TEMPLE, J., concurring.—The document filed in the recorder's office was entitled "Memorandum of a contract." There was nothing except the style of the writing to indicate that it was a copy of anything. The first part reads like a contract, but its language must be deemed that of a memorandum or statement of the substance of a contract. It states that the contractors agreed to build in conformity to drawings "signed by the parties and hereunto annexed." "Hereunto" refers, of course, to the memorandum. It cannot possibly be construed to refer to the original contract of which this document is a memorandum. To hold that it does so refer would be to say that the document is not a memorandum of the contract, but a copy thereof. The drawings and specifications referred to are not signed by the parties. Is this false reference fatal? The case is not directly within *Donnelly v. Adams,* 115 Cal. 129, or the case of *West Coast etc. Co. v. Knapp,* 122 Cal. 79. These cases hold, substantially, that the contract is not wholly in writing, as required by the statute, unless the plans and specifications referred to are identified in writing as part of the contract. The memorandum here asserts nothing

as to the mode in which this was done in the making of the contract. If a defect, it is one in the memorandum only; and, so considered, I think it is a case where the maxim, *Falsa demonstratio non nocet,* applies. The specifications are otherwise sufficiently identified; they are attached to the memorandum as a part thereof.

The reference in the leading opinion to the "detail drawings," as probably meaning the drawings which were filed, is plainly an oversight. The statement shows that it was admitted at the trial that none of these detail drawings were filed. They must, therefore, refer to something other than the drawings which were filed.

It was proven at the trial that these drawings were all made after the work was commenced, and did not add to or change the contracts, specifications, or drawings on file. They merely showed to the eye of the workman how that which was called for in the contract was to be done. Reference to them in the contract was not necessary, and putting them in worked no change.

The real objection urged to this is that the whole contract was not in writing, and parol testimony was not admissible to show that the reference to detail drawings added nothing to the contract as written. As illustrated in *West Coast v. Knapp, supra,* a reference might be so material as to demonstrate that a most important part of the contract was not in writing, within the meaning of the mechanic's lien law. When we get the explanation made by the architect, we see plainly that the word "detail" may be properly held to refer to just such an amplification and enlargement as was done. The architect, without the detail drawings, could have stood over the workmen and given directions to the same end. I think the phrase sufficiently ambiguous to allow the oral evidence, and that without the explanation so made the original contract was sufficient for the purposes of the law.

In other matters I agree with the leading opinion.

Henshaw, J., concurred.