ZAHAREK ET AL. *v.* GORCZYCA ET UX.

[No. 12,733. Filed January 25, 1928. Rehearing denied April 4, 1928.]

*Eli Seebirt, Walter R. Arnold* and *G. A. Farabaugh,* for appellants.

*W. A. Slick* and *George Donahue,* for appellees.

ENLOE, J.—In May, 1925, the appellant Bert J. Zaharek commenced this action, as an action in ejectment, making the appellees defendants thereto. He alleged that he was the owner of a certain lot in the city of South Bend, particularly describing it, that the appel-

lees were in possession of the same and were wrongfully keeping him out of the possession thereof, and he asked for judgment for possession of said lot and for damages. This complaint the appellees answered by a general denial. They also filed a cross-complaint in three paragraphs, naming as defendants thereto, Bert J. Zaharek, Marie Zaharek, Andrew Dominiczac and Craig I. Seebert.

The first paragraph was the usual short form of complaint to quiet title to the lot in question; the second paragraph alleged that the cross-defendants Zaharek were claiming title to said lot by virtue of a certain pretended deed of warranty bearing date of March 3, 1925, and they alleged that they were unable to read or to write the English language, that they had been negotiating with Bert J. Zaharek in regards to entering into a contract with him to build for them a certain dwelling house, that he read said proposed building contract to them, but did not read or mention any deed, that the paper under which he now claims title as being a deed of warranty was slipped between the sheets of paper, the contract aforesaid, and that by such trick their respective signatures were obtained thereto, that they never delivered any deed to Zaharek or to any one else for him, that they did not, at the time, know that they were signing a deed and never knowingly acknowledged any deed, that they were and had been at all times in possession of said lot, living thereon as their home, and claiming title thereto as against all the world, that as to cross-defendant, Seebert, he, at the time he loaned said money to Zaharek knew that the cross-complainants were in possession of said lot and were claiming title thereto; the third paragraph is similar to the second, but in addition to the other averments, it alleges that said alleged deed was executed without any consideration therefor. In each paragraph, the cross-complainants

ask that their title be quieted as against each and all of said cross-defendants. To this cross-complaint an answer in general denial was filed and the issues thus made were submitted to a jury for trial, and resulted in a verdict in favor of cross-complainants, appellees, and a judgment quieting their title. The cross-defendants separately and severally moved for a new trial; this motion was overruled and they severally excepted. The plaintiff Bert J. Zaharek moved for a *venire de novo* and this motion was also overruled and this appeal followed. The errors presented are those hereinafter considered.

The appellant moved for a *venire de novo* on the ground that the verdict of the jury was so "uncertain, indefinite, and insufficient," as to render it impossible to enter judgment thereon.

The trial court, at the time it was called upon to rule upon this motion, had this verdict before it and was well in a position to determine whether it was "uncertain," "indefinite," or "insufficient." The appellees called attention to the fact that the appellants, in their brief filed herein had wholly failed to embody said verdict in their said brief and thus place it before us for our consideration. That where a paper or a pleading is the foundation of any motion, or demurrer, such paper or pleading must be set out, on appeal, in the brief, has long been settled. The verdict of which complaint is made, not being set out, no question is presented for our consideration, by this assignment.

It is next urged that the court erred in overruling the motion for a new trial, because of the alleged insufficiency of the evidence, and because of the giving of a certain named instruction.

The appellants insist that the record shows that the appellees, in signing said deed, even though their signatures thereto were procured by fraud and deception, only did what they had theretofore, by their contract,

obligated themselves to do, and therefore they suffered no damage. This contention requires an examination of the record to determine whether or not appellees were under such contractual obligation as claimed.

The record discloses that there had been some negotiations between Bert Zaharek and Dominiczac, who appear to have been partners in the work of building houses, on the one hand and the appellees on the other in reference to said appellants' building a residence for appellees and their paying in part therefor by making a conveyance of the property in question to the said appellants. Under said proposed contract, the said dwelling house was "to be of the following dimensions, with concrete block, lumber and other materials as are described in the plans and specifications hereto annexed." It thus appears that there were to be "plans and specifications" annexed to said contract, according to which plans and specifications, said house was to be built. It appears that no such plans and specifications were ever, in fact, agreed upon, and were never attached to said contract, as a part thereof. Without such plans and specifications, said contract was incomplete as shown by its own terms. Certainly, until said contract was complete as such, it could not be claimed that appellees were under any duty to make a deed to the said property, conveying the same to said appellants in part payment of the said building to be erected. As said in *Worden* v. *Hammond* (1869), 37 Cal. 61, a barn was to be built "agreeable to the draft, plan, and explanation hereto annexed," but no such were attached to said contract. The court said: "The specifications are an essential part of the contract, and are as material as the price of the work or the terms of the payment." In the case of *Willamette, etc., Co.* v. *College Co.* (1892), 94 Cal. 229, 29 Pac. 629, the building contract recited that the contractor should do the work contracted for "conform-

ably to the drawings and specifications . . . hereto annexed." Said drawings and specifications were not annexed to said contract and the court said: "The insertion of this clause in the contract made the drawings and specifications an essential part thereof, as material as was the price of the work or the terms of payment; and until they were 'annexed' to the contract so that its entire terms could be ascertained by mere inspection, and without oral testimony, the contract was only inchoate, and not complete, and could not form the basis of a recovery." If the deed in question was obtained from the appellees under the circumstances as set forth in their said cross-complaint, and there is abundant evidence to sustain such allegation, then the appellees were entitled to relief as against the same.

The record discloses that the aforesaid deed was filed for record in the office of the recorder of St. Joseph county, on March 9, 1925; that on March 23, 1925, Zaharek and his wife executed a mortgage upon said lot to secure a promissory note in the sum of $1,600, to appellant Craig I. Seebert and appellants claim that the court erred in quieting the title to said lot, in the appellees, as against said mortgage. This contention involves a consideration of the legal effect, if any, of said deed. It is averred in the cross-complaint, and there is evidence in the record sufficient to support these averments, that the appellees were unable to read the English language; that the said building contract was prepared by being typewritten; that said contracts were read and interpreted to them by being translated from English into Polish by Zaharek and Dominiczac; that, after being so read and translated, said *contracts* were presented to them to be by them signed; that no deed was read to them and they were not asked to sign any deed; that they intended to sign only said contracts, and that said deed was fraudulently

inserted between the sheets of paper on which said contract was written and by this trick the signatures of the appellees were obtained to said deed, and that they never acknowledged the execution of said deed, and never delivered the same. In the case of *Cline* v. *Guthrie* (1873), 42 Ind. 227, 13 Am. Rep. 357, a case which has been many times cited by the courts, the signature of Cline had been obtained to a promissory note by trickery and fraud. In passing upon the question as to the validity of said note, which was in the hands of a *bona fide* holder, the court said: "It is well settled by authority and on principle, that the party whose signature to a paper is obtained by fraud as to the character of the paper itself, who is ignorant of such character, and has no intention of signing it, and who is guilty of no negligence in affixing his signature, or in not ascertaining the character of the instrument, is no more bound by it than if it were a total forgery, the signature included." Under the above statement of the law, as applied to the facts of this case the court did not err in quieting the title of the appellees against the claim of said appellant.

Complaint is also made of the refusal of the court to give certain tendered instructions and of the action of the court in giving certain instructions at the request of the appellees. What we have heretofore said in reference to said contract and the incompleteness thereof fully disposes of the contention of appellant as to said instructions of which complaint is made, and we hold that there was no error in the matter of giving or refusing instructions.

Affirmed.

## On Petition for Rehearing

ENLOE, J.—The appellants have filed their petition for a rehearing and assign as one of the grounds therefor

that we erroneously declined to consider their alleged error concerning the action of the trial court in overruling their motion for a *venire de novo*. In the original opinion of this court, it was said: "The appellants moved for a *venire de novo* on the ground that the verdict of the jury was so 'uncertain, indefinite and insufficient,' as to render it impossible to enter judgment thereon. The trial court, at the time it was called to rule upon said motion, had this verdict before it and was well in a position to determine whether it was 'uncertain,' 'indefinite,' or 'insufficient.' The appellees called attention to the fact that the appellants, in their brief filed herein had wholly failed to embody said verdict in their said brief and thus place it before us for our consideration. That where a paper or a pleading is the foundation of any motion, or demurrer, such paper or pleading must be set out, on appeal, in the brief, has long been settled. The verdict of which complaint is made, not being set out, no question is presented for our consideration by this assignment."

. In this case, to speak of the conduct of counsel for appellant who prepared the briefs herein in mildness and with charity for the seeming frailness of human nature, they have permitted their zeal for their cause "to blind their discernment and their judgment," and have boldly gone so far as to accuse us of stating the record "contrary to the fact" shown thereby. But their zeal, which almost approaches the form of venom, cannot change the RECORD. The statement made by us in the former opinion, and which they now challenge as being contrary to the record, is our statement that they had not, in their brief, set out the said verdict which they were claiming was defective, indefinite, uncertain, etc. In view of this contention and of the attitude of counsel, as shown by their brief, filed in support of their petition

for rehearing, we shall set forth the record in this case, and consider it in the light of the statute.

It is provided by statute, (§596 Burns 1926) and has long been the law, that, "When the jury have agreed upon their verdict, it must be reduced to writing, and signed by the foreman; and when returned into court, the foreman shall deliver the verdict, and either party may poll the jury." In this case, as the verdict which was returned is nowhere challenged because the same was "not signed by the foreman," we are warranted in assuming that the verdict of the jury complied with the above statute.

In the case at bar, the transcript of the record recites: "Come now the jury into open court and return a verdict for the cross-complainant, Ludwig Gorczyca, that he is the owner in fee simple of Lot 28, in Citizens Land Company's West end sub-division to the city of South Bend, St. Joseph County, Indiana." The above, as it conclusively shows upon its face, is not, *nor does it purport to be, a copy of the verdict returned by the jury;* it is, and only purports to be, a statement by the person who prepared the entry for the record, of what that person conceived to be *the legal effect of said verdict.* We cannot accept and be controlled in our determination of the legal effect of a pleading or verdict by what some person, other than a court of competent jurisdiction, says is the legal effect of such instrument. It is the province of a court to declare the legal effect of an instrument, and this it does by the rendition of a judgment. Here we have no "judgment" on the matter in question; we have simply matter of an historical nature prepared by the clerk, supposedly, and by him entered of record along with his "interpretation" of the legal effect of the verdict which the jury returned. The statute requires that the verdict of the jury be signed, that it may be known and identified should occasion demand, just as is re-

quired as to instructions and as to special findings, under certain circumstances. An examination of the brief filed by counsel for appellant, on appeal, discloses that, instead of the verdict rendered by the jury upon the trial of this case, they set forth therein what the clerk, or person who prepared the entry for the record, conceived to be the legal effect of said verdict. A search of the *record* herein fails to disclose any copy of the said verdict; nothing is set forth in the record except the above quoted recitation as to the legal effect of said verdict. If the attorney, or attorneys, who wrote the brief herein on petition for rehearing herein had exerted a small portion of the energy expended upon said brief in seeing that the record in this case, upon which the appeal was prosecuted, was full and complete, he doubtless would have escaped the situation in which he is now found.

The other matters of which complaint is made were given consideration upon the original hearing, and we see no reason to depart from the ruling there made.

The petition for a rehearing is denied.