[S. F. No. 182.    Department Two.—November 30, 1896.]

# THOMAS DONNELLY, APPELLANT, v. FRANK P. ADAMS ET AL., RESPONDENTS. THOMAS DONNELLY, RESPONDENT, v. FRANK P. ADAMS ET AL., APPELLANTS.

MECHANICS' LIENS—VOID CONTRACT—FALSE REFERENCE TO SIGNED SPECIFICATIONS.—A written contract for the construction of a building, which falsely refers to specifications as being signed by the parties to the contract and kept in the office of the architect, no specifications having been in fact signed by the parties, is inchoate, incomplete, and void, and cannot form the basis of a recovery.

ID.—EVIDENCE—PAROL PROOF—UNSIGNED SPECIFICATIONS.—The reference in the contract to signed specifications cannot be aided by parol proof; and it is error to admit in evidence specifications which are not signed by the parties.

ID.—EFFECT OF INVALIDITY OF CONTRACT.—A contract which is void through false reference to specifications is void as to all of its terms and conditions.

CROSS-APPEALS from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. HEBBARD, Judge.

The plaintiff claimed nineteen hundred and fifty-six dollars with interest as being due under an alleged contract of defendant Frank P. Adams with plaintiff's assignor for the erection of a frame building upon the land of said defendant. The court awarded to plaintiff only six hundred and ninety dollars and forty-nine cents. Plaintiff and defendant, each appealed from the judgment upon bills of exceptions presented by each; and the cross-appeals, were by stipulation, heard and submitted together. Further facts are stated in the opinion of the court.

*Charles S. Peery,* and *R. Percy Wright,* for Appellant upon plaintiff's appeal, and for Respondent upon defendant's appeal.

*Stafford & Stafford,* for Appellants upon defendant's appeal, and for Respondents upon plaintiff's appeal

HENSHAW, J. — These are cross-appeals by plaintiff and defendant. The action was by the assignor of an original contractor to foreclose a lien under a building contract. The court adjudged plaintiff to have a lien, and decreed foreclosure thereof.

Defendants' claim that the contract between the parties is void first invites attention. The contract provided that the contractor should furnish the necessary labor and materials to erect a certain building "and other works shown and described in and by and in conformity with the plans, drawings, and specifications for the same, made by B. E. Henriksen, the authorized architect employed by the owner, *and which are signed by the parties hereto*, and are to be kept and remain in the office of said architect, subject to the inspection of the parties hereto and others concerned in said erection."

What purported to be the plans and specifications were admitted in evidence over the objection of defendants. They were not signed by the parties to the contract.

In *Worden* v. *Hammond*, 37 Cal. 64, the contract was to build a barn "agreeable to the draft, plan, and explanation hereto annexed, marked A." No plan or specifications were attached, but an unsigned paper was produced which plaintiffs testified contained the specifications referred to. The paper was admitted, and this court said: "The specifications are an essential part of the contract, and are as material as the price of the work or the terms of payment; for the contract price was not to be paid until the barn was completed according to the specifications. It is not indispensable that the specifications be signed by the party to be charged, but it will be sufficient if they are referred to with certainty. But where the reference is false it cannot be helped out by oral evidence. Here the specifications were referred to as annexed to the contract, and when the plaintiffs were permitted to introduce in evidence, as the specifications referred to, a paper which they

admitted was never attached to the contract, if they did not thereby contradict the written contract, they added to its terms by oral evidence. The two instruments taken together, contain all the necessary terms of the contract; and if the written contract had contained a reference to the specifications in such a manner that their connection would be apparent upon their production, it would be regarded as a sufficient compliance with the statute; but this could not be established by parol evidence without a violation of the statute requiring the contract to be in writing and signed by the party to be charged thereby. (*Boydell* v. *Drummond,* 11 East, 157.)"

In *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, the same question again arose. There the contract provided that the work should be done "conformable to the drawings and specifications made by R. B. Young, architect, and signed by the parties and hereto annexed." It did not appear in that case whether or not the drawings and specifications were in fact signed, but it did appear that they were not attached; and it is said: "The insertion of this clause in the contract made the drawings and specifications an essential part thereof, as material as was the price of the work or the terms of payment; and until they were 'annexed' to the contract so that its entire terms could be ascertained by mere inspection, and without oral testimony, the contract was only inchoate and not complete, and could not form the basis of a recovery. (*Worden* v. *Hammond, supra.*)"

The only distinction between the contract in the case at bar and those considered in the cases cited lies in the fact that in the present instance the reference is to specifications *signed,* in the other it was to specifications *attached.* But the one reference is no less significant and essential than the other. If the specifications be not signed, or if they be not attached, in either case there is a false reference in a written contract which cannot be aided by parol evidence. In both cases the con-

tract is left "inchoate and not complete, and could not form the basis of a recovery."

It follows that the judgment must be reversed upon defendants' appeal. We cannot, therefore, discuss the more interesting point presented by both appeals, namely, the conclusiveness or inconclusiveness of the architect's certificate to the effect that the work had been done according to contract. The contract being void, it is void as to all of its terms and conditions. The architect's certificate, deriving whatever force it may possess from the contract itself, is deprived of all efficacy, and whatever discussion might be had upon the question would be merely *obiter*, and without binding force. The question is thus eliminated from the case and its consideration must be postponed until it is presented upon proper occasion.

The modification of the judgment asked for on plaintiff's appeal is denied.

Upon defendants' appeal the judgment is reversed, and the cause remanded.

McFarland, J., and Temple, J., concurred.