[S. F. No. 77.   Department Two.—March 29, 1898.]

SAN FRANCISCO LUMBER COMPANY et al., Appellants, v. EDWARD and MARY O'NEIL et al., Respondents.

120  455
h129  65

MECHANICS' LIENS—INVALID CONTRACT—PLANS AND DRAWINGS.—Where the original contract for the construction of a building exceeding one thousand dollars in value, upon which mechanics' liens were claimed, referred to plans, drawings, and specifications signed by the parties, the original plans and drawings thus signed must be filed with the contract and specifications, and where only a sun-print copy of the plans and drawings, bearing a photographic representation of those documents and of the signatures thereto, was filed with the recorder, the filing is insufficient and the contract is rendered invalid; and in such case the liens of laborers and materialmen are not limited by the amount due to the contractor under the contract.

ID.—MEMORANDUM—PLEADING—FINDING.—Where the complaint averred and the court found that there was no memorandum of the contract, and the answer did not deny the averment of the complaint, the copy of the plans and drawings cannot be considered as a memorandum under section 1183 of the Code of Civil Procedure.

APPEAL from an order of the superior court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, for Appellants.

Sullivan & Sullivan, for Respondents.

THE COURT.—This is an action to enforce several mechanics' and materialmen's liens. The defendants, Edward and Mary E. O'Neil, were the owners of the property against which the liens are sought to be enforced, and entered into a written contract with the contractors, Cook & Wry, for the construction of the building involved in this action. The court below rendered judgment for plaintiffs foreclosing their liens for certain amounts

of money, the judgment being based upon the theory that the contract between the owners and Cook & Wry was a valid contract within the meaning of the mechanics' lien law, and declined to give judgment for any greater amount than was due from said defendants to said contractors under the contract. From this judgment, and from an order denying their motions for a new trial, the plaintiffs appeal.

The only question involved on this appeal is whether or not the written contract above referred to was filed in the county recorder's office as required by section 1183 of the Code of Civil Procedure. The facts in relation to the filing of the said contract are as follows: The papers filed with the recorder consisted of three documents: 1. The paper which contained the agreements or covenants of the parties, with their original signatures thereon; 2. The original specifications referred to in the first instrument, also bearing the signatures of the parties; and 3. A sun-print copy of the plans and drawings, bearing a photographic representation of those documents and of the signatures thereto. In the first document above referred to the contractor agreed to construct a certain building "in conformity with the plans, drawings, and specifications for the same made by Charles J. Devlin, the authorized architect employed by the owner, and which are signed by the parties hereto, and are to be kept and remain in the office of said architect subject to the inspection of the parties thereto and others concerned in said erection, in addition to which a duplicate copy of said plans and specifications is to be filed in the county recorder's office." The third document above mentioned, to wit, the plans and drawings, was as much a part of the contract as either of the other two, and it was just as necessary to file that document in the recorder's office as to file either of the others. Altogether they completed the contract, and they had to be all filed with the recorder in order to comply with section 1183. That section makes no provision for the filing of a copy of the contract, or of any part thereof; and, as it is the established law that where plans or specifications are part of the contract they must be filed (*Greig v. Riordan,* 99 Cal. 323, and cases there cited), there is no warrant for holding that the filing of a copy thereof satisfies the requirement of filing. It is said that this view works a hardship to the respondents. This

is probably so, for this particular law frequently works a hardship to owners of property; but it has been heretofore pointed out to such owners that in making contracts for building they must be careful to comply with the statute. In the case at bar, it would have been an easy matter to have filed with the recorder the original plans and drawings; and to hold that the filing of a copy thereof satisfied the statute would lead inevitably to the conclusion that it would be sufficient to file a copy of any part of the contract, or indeed of the whole of it. While the mechanics' lien law certainly interferes to a great extent with the right of a property owner to contract according to his own best judgment for the erection of improvements thereon, still it is apparent that the property owner might take advantage of mechanics and laborers by making a contract with a contractor financially irresponsible for the construction of a house actually worth twice the amount of the named contract price.

It is suggested by the respondents that the copy of the plans and drawings might be considered as a memorandum under said section 1183. But, without considering whether under that section there might be a memorandum of some part of the contract, it is sufficient to say here that the complaint avers that there was no memorandum; that this averment is not denied in the answer; and that the court so finds.

The judgment and order denying the motion for a new trial are reversed, and the cause remanded.

Hearing in Bank denied.