[L. A. No. 453. Department Two.—September 10, 1898.]

## WEST COAST LUMBER COMPANY et al., Respondents, v. HANNAH KNAPP et al., Appellants.

| 122 | 79 |
|-----|----|
| 127 | 26 |
| 122 | 79 |
| o129 | 66 |
| 122 | 79 |
| 130 | 243 |
| 122 | 79 |
| e138 | 33 |
| 122 | 79 |
| 148 | 733 |

Mechanics' Liens—Building Contract—Maturity of Deferred Payment.—A building contract, providing that the last payment "shall be made within thirty-six days after this contract is fulfilled," does not make the last payment due until the expiration of the thirty-six days; and the privilege of the owner to pay the contractor before its expiration does not render the contract void, so that materialmen and mechanics are thereby let in for the full amount of their demands, regardless of the contract price.

Id.—Construction of Statute—Penalty.—The provisions of section 1184 of the Code of Civil Procedure, requiring that "at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract," and providing that "no payment made prior to the time when the same is due under the contract shall be valid for the purpose of defeating, diminishing or discharging any liens," etc., in so far as they have the effect to make the owner pay more than he has agreed to pay are penal, and should be strictly construed in favor of the owner, and against the exaction of the penalty, if in reason they can be.

Id.—Popular Sense of Words—Meaning of "Due."—The words of the statute are to be understood in their popular sense, as applied to deferred payments, which cannot be said to be "due" until the creditor can rightfully demand payment. So understood, a contract allowing the debtor a fixed period within which to make

the payment, does not make the debt "due" until the expiration of that period, and does not violate the statute.

ID.—IDENTIFICATION OF DRAWINGS AND SPECIFICATIONS—INCOMPLETE CONTRACT—EXECUTION.—A building contract reciting that the material was to be furnished and the work done in accordance with drawings and specifications "identified by the signature of the parties hereto," is incomplete and invalid, if no such signed drawings and specifications are to be found. In such case, the whole contract is not reduced to writing and signed by the parties, as required by the statute.

ID.—RECORD OF UNSIGNED PLANS ATTACHED TO CONTRACT—PLAN OF BUILDING.—The fact that unsigned plans and specifications not referred to in the contract were attached to the contract, and the whole filed as one document, and that the house was actually built in accordance with such plans, can have no bearing upon the question whether the whole contract was reduced to writing and signed by the parties, in compliance with the statute.

ID.—MATERIALMEN—ESTOPPEL—REFERENCE TO UNSIGNED PLANS.— Materialmen are not estopped from enforcing their liens under the claim that the incomplete contract was void, for want of signature to the plans and specifications referred to in the contract, by the mere fact that they contracted to furnish lumber and made out bills with express reference to the unsigned plans and specifications attached to the contract, it not appearing that the owner was thereby misled or induced to change his position, or that knowledge of the invalidity of the contract was suppressed by them while dealing with the contractor.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Haines & Ward, for Appellants.

Trippett & Neale, for Respondents.

TEMPLE, J.—Defendants appeal from the judgment and from an order denying a new trial in an action brought to foreclose liens of materialmen. Two points are made, based upon the following allegations in the complaint: "That said contract does not provide that at least twenty-five per cent of the whole contract price shall be payable at least thirty-five days after the final completion of the contract, as by statute in such cases made and provided; that the drawings and specifications referred to in said contract were never identified by the signature of the

parties to said contract as provided in said contract should be done."

The contract provides that the last payment "shall be made within thirty-six days after this contract is fulfilled." It is said that under this provision the payment is due at any time within the period of thirty-six days that the owners may be willing to make the payment, although by the terms of the contract payment could not have been compelled.

The materiality of the point arises from provisions in sections 1183 and 1184 of the Code of Civil Procedure, requiring the contract to be in writing and filed in the recorder's office before the work is commenced, and that twenty-five per cent of the contract price shall be made payable at least thirty-five days after the final completion of the contract, and which contains the following: "No payment made prior to the time when the same is due under the terms and conditions of the contract shall be valid for the purpose of defeating or diminishing any lien," et cetera. Therefore, it is contended, according to the terms of the contract, the payments may become due before the lapse of thirty-five days after the completion of the contract; that such payment would not then be void under the provision above quoted; and that the contract, therefore, does not comply with the statute, and is void, and the materialmen are let in to the full amount of their demands, regardless of the contract price.

So fas as the statute has the effect of compelling the owner to pay more than he has agreed to pay, or to pay his debt twice, it is highly penal, and should be strictly construed in his favor. Those who seek to inflict upon him a penalty for his failure to comply with the terms of the law must show clearly that the dereliction has occurred. The law must be construed against the exaction of the penalty, if in reason it can be.

I think a debt cannot be said to be due until the creditor can rightfully demand and insist upon payment. This is the usual and conventional meaning of the language as applied to deferred payments. Unless the money is put out upon interest, and the creditor is making a profit by having it kept out, it will be presumed that he will accept payment whenever it is tendered. The extended credit in such a case is wholly for the benefit of the payor. The contractor, laborers, and materialmen in a building

contract are presumed to be willing to receive their pay at the earliest possible moment, and, aside from the statute, it would be lawful and proper that the owner should pay at once. Regarding the contract without reference to the statute, therefore, one would say the postponement of payments is solely for the benefit of the owner. Although the code requires this particular contract to be made that lienors may be protected, still it must be construed as the voluntary undertaking of the parties, and interpreted in the same way.

When money is due, suit may be brought to recover it, and the statute of limitations begins to run against it. Important consequences also follow in regard to its transference. In regard to these consequences, the money is not due in this contract until after the expiration of the thirty-six days. In short, when the debtor is allowed a certain period within which to make payment, the debt is not due until the expiration of that period. The words of the statute must be understood in their popular sense, and, so understood, the contract does not violate the statute. (See upon the general question *Helmer v. Krolick*, 36 Mich. 371; *Mallison v. Marks*, 31 Mich. 421; 18 Am. Rep. 197; Daniel on Negotiable Instruments, sec. 626; also, *Reed v. Norton*, 90 Cal. 590; *Yancy v. Morton*, 94 Cal. 558.)

By the terms of the contract the contractor was to furnish the material and do the work mentioned in the specifications and shown on the drawings, "which drawings and specifications," it is recited, "are identified by the signatures of the parties hereto." The material which the contractor was to furnish, and the work he was to do, are shown only in the specifications and drawings. In *Worden v. Hammond*, 37 Cal. 61, it was held that in such a case the plans and specifications are part and parcel of the builder's contract, which by the code are required to be reduced to writing and filed in the recorder's office before the work is commenced. They may be made such by reference, but the reference must be such that they can be identified by it. No plans or specifications which do not correspond with the reference can be shown to be those intended by the parties. If the writing which is signed by the parties does not of itself determine what constitutes the contract, then it is not wholly in writing, as required, and cannot as a whole be filed in the recorder's office.

On the other hand, to permit the parties to prove that plans and specifications which do not correspond with the reference are the plans and specifications referred to, is to make a different contract, or at least to open the door for doing so.

*Worden v. Hammond, supra,* was approved in *Willamette etc. Co. v. Los Angeles College Co.,* 94 Cal. 229, and in *Donnelly v. Adams,* 115 Cal. 129. In the last case the subject is fully considered.

What occurred after the contract was signed by way of putting it beyond doubt as to what plans and specifications were intended, such as by attaching them together, and filing them as one document, and building a house upon the lots indicated according to the plans and specifications, can have no bearing upon the question whether the whole contract was reduced to writing and signed by the parties. The reference is to specifications signed by the parties. Such specifications were not produced, but certain specifications were produced and circumstances shown, which (we will assume) conclusively proved that the parties referred to them as the specifications. Certainly a most material portion had not been reduced to writing. Suppose, in addition to what was shown, other specifications had been produced, actually signed by the parties, as stated in the reference. Then the evidence would not have been conclusive, but would, perhaps, have shown that the parties had changed their minds and agreed upon a different building. The trouble is in the making of the contract, and not in its interpretation, as in the case of latent ambiguities. Was the contract entered into as the statute requires, is the question.

It must be kept in mind that this is a question as to the compliance with a statute. Under general rules pertaining to contracts, one could make a builder's contract so referring to plans and specifications as to give very little information as to what the contractor had agreed to do, unless the plans and specifications can be found. The material part of the contract may really be in them. Independently of the statute, one might agree to build in San Diego a house which should in all respects be a duplicate of a designated house in London. Such a contract would not help persons who proposed to furnish material or perform labor upon the house. Not much more satisfaction would

be afforded by placing on file plans and specifications which, when found, do not accord with the reference made in the written contract. And certainly it cannot be contended that in such case the plans and specifications have been so referred to as to become part and parcel of the contract signed by the parties. I cannot see how any of the materialmen would be estopped from claiming that the contract was void from the fact that they contracted to furnish lumber and made out bills with express reference to the plans and specifications. They probably did not then know that the contract was void. They have not misled defendant, or induced him to change his position, and it does not appear that they have suppressed knowledge of the invalidity while dealing with the contractor.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.