[S. F. No. 1781. Department One.—November 21, 1899.]

THOMAS DONNELLY (LOUISA HELBING, Substituted), Appellant, v. FRANK P. ADAMS et al., Respondents.

MECHANICS' LIENS—VOID CONTRACT—MISREFERENCE TO SIGNED SPECIFICA-TIONS.—Under section 1183 of the Code of Civil Procedure, it is necessary that the whole contract for a building or improvement at a price exceeding one thousand dollars shall be in writing and signed by the parties thereto; and where there is a misreference in such a contract to plans and specifications signed by the parties, which were not in fact so signed, the contract is void, and cannot be made the basis of a lien in favor of the contractor.

ID.—PAROL EVIDENCE—ORAL WAIVER OF STIPULATION—MISDESCRIPTION.— The false reference in the contract to signed plans and specifications, can neither be aided by parol evidence, nor cured by any oral waiver or oral agreement, dispensing with the signature thereto. There is no written stipulation as to signatures to be waived; but there is a misdescription of a material part of the contract as being signed, which was not so; and neither the whole nor any part of the void contract can be made effective by an oral waiver of any other part of it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Charles S. Peery, and R. Percy Wright, for Appellant.

Stafford & Stafford, for Respondent Frank P. Adams.

Tobin & Tobin, for Respondent Hibernia Savings and Loan Society.

GRAY, C.—This case has been here before (*Donnelly v. Adams*, 115 Cal. 129), and it was then held that the building contract involved in the case was void because it referred to the plans, drawings, and specifications as having been signed by the parties to the contract, when in fact they were not so signed. The court held this to be "a false reference in a written contract which cannot be aided by parol evidence," and that thereby "the contract is left inchoate and not complete, and could not

form the basis of recovery." The judgment, decreeing fore-closure of a mechanic's lien for work and materials done and furnished pursuant to said alleged contract, was reversed and the cause remanded. The plaintiff then amended his complaint as to the plans and specifications so as to make it read as follows: "That thereafter, and prior to the commencement of the work upon said building, the provision of the said contract, requiring the said plans and specifications to be signed by the parties thereto, was, by the verbal consent of both parties thereto, duly waived, and the said specifications were not signed by the defendant Frank P. Adams, but the said building was duly erected and completed according to the plans and specifications made by B. E. Hendrickson, the authorized architect employed by the owner, and which were kept in the office of the said architect, subject to the inspection of the parties to the said contract and others concerned in the erection." To the complaint as amended the defendants interposed a general demurrer, which was sustained by the court and the action dismissed. From the judgment of dismissal the plaintiff appeals.

The amendment to the complaint did not cure the defect pointed out on the former appeal. There was no such stipulation in the builder's contract as the amendment to the complaint says was waived. It was not provided or required in the contract that the plans and specifications should be signed by the parties; they were merely referred to and described as already signed. This was a misreference or misdescription that could not be cured by any oral waiver or oral agreement. It is necessary, under section 1183 of the Code of Civil Procedure, that the whole contract shall be in writing and signed by the parties thereto. In the present case the plans and specifications are a most important part of the contract; without them the nature and extent of the work and materials to be furnished cannot be ascertained. They should have been made a part of the written contract which was signed by the parties in such a way that no resort to oral evidence would be necessary to show that it was the intention of the parties that they should be a part of such contract. This not having been done, the whole contract, as this court held on the former appeal, is void. Neither the whole of it nor any part of it can be made valid by

an oral waiver of any other part of it. Oral evidence to contradict or vary the terms of the written contract will be equally improper with or without the amendment. In any view that may be taken of the amendment to the complaint it obviates none of the objections upon which the former decision was based. (*West Coast etc. Co. v. Knapp,* 122 Cal. 79; *Willamette etc. Co. v. Los Angeles College Co.,* 94 Cal. 229; *Worden v. Hammond,* 37 Cal. 61.)

We advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.