[S. F. No. 2776.   Department Two.—January 16, 1903.]

CALIFORNIA IRON CONSTRUCTION COMPANY et al., Respondents, v. WILLIAM B. BRADBURY, Appellant, and R. O. CHANDLER, and HENRY FOYE, Respondents.

MECHANICS' LIENS—FORECLOSURE—VALIDITY OF CONTRACT—FINDINGS.— Where the evidence shows the existence of a building contract in writing, the court should not find that there was no contract, but should set forth the fact of its existence, together with other facts bearing on its validity, relegating the legal conclusion as to its invalidity to the conclusions of law.

ID.—FINDINGS AGAINST EVIDENCE.—Where the written contract, specifications, and drawings, signed by all of the parties, were produced as evidence from the recorder's office, and were legally unobjectionable, findings that the contract was not reduced to writing, signed by the parties, or filed in the recorder's office are against the evidence.

ID.—UNTENABLE OBJECTIONS—CREDIT OF OLD HOUSE—REFERENCE TO ADJOINING HOUSE AS PATTERN.—The objections that it appears from a memorandum in the specifications that the old house on the premises was taken by the contractor at an agreed price of one hundred dollars, which was deducted from the original price agreed upon prior to the written contract, leaving the amount as stated in the written contract, and that reference was made in the specifications to the adjoining house of the owner as a pattern of construction, are each untenable and do not affect the validity of the written contract and specifications as recorded.

APPEALS from judgments of the Superior Court of the City and County of San Francisco and from orders denying and dismissing motions for a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion.

E. C. Chapman, for Appellant.

The contract is not void for uncertainty. (*Joost* v. *Sullivan,* 111 Cal. 293.) All that is required by the statute is a substantial compliance therewith. (Code Civ. Proc., sec. 1184.) The designs and plans of the other building are not a part of the contract, but only conformity therewith as specified. Details were not necessary to be filed with the recorder when this contract was made. (*Blinn Lumber Co.* v. *Walker,* 129 Cal. 62.)

William H. Jordan, F. A. Meyers, and Walter S. Brann, for Respondents.

The contract was void because the specifications of the adjoining house were not reduced to writing and recorded, but were left uncertain, indefinite, and ambiguous. (Code Civ. Proc., sec. 1549; *Meux* v. *Hogue,* 91 Cal. 442.) A writing partly in parol must be construed as wholly in parol. (*Louisville etc. Ry.* v. *Reynolds,* 118 Ind. 170.) The record must show all that the parties agreed upon. (*West Coast Lumber Co.* v. *Knapp,* 132 Cal. 79, 84; *Butterworth* v. *Levy,* 104 Cal. 506; *Kellogg* v. *Howes,* 81 Cal. 170; *Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, 233.)

SMITH, C.—The defendant Bradbury appeals from two judgments against him,—the one in favor of certain materialmen and others foreclosing liens upon his property incurred in the construction of a building thereon, the other a money judgment in favor of the contractor, one Chandler; and he also appeals in each case from an order denying his motion for new trial. With regard to the former judgment, there is no dispute as to the validity or the amount of the liens; but it is found by the court that the agreement for the construction of the building was not reduced to writing, signed by the

parties, or filed in the recorder's office, and accordingly judgment was rendered for the whole amount of the liens. In the case of Chandler (besides a similar finding as to the contract), it is found, in effect, that there is due to him, under the agreement as found by the court, the sum of $1,003.36. These findings, it is claimed by the appellant, are not justified by the evidence, and this contention must, we think, be sustained.

With regard to the former finding, it appears from the statement that the written contract, specifications, and drawings under which the house was built—all signed by the parties—were produced at the trial from the recorder's office and put in evidence, and they now appear in the record. It is difficult, therefore, to understand how the court could find as it did; but from the respondents' brief we may gather that the theory of the finding is, that the actual contract was void for want of compliance with statutory requirements. But assuming this to be the case, yet it does not justify the finding. For, with regard to findings, there is a wide difference between a void contract, or contract declared to be void by law, and no contract. For in the former case, where there is an agreement between competent parties, there is, *ex vi termini,* a contract, and, where the agreement is in writing, a written contract. Hence, where the evidence shows the existence of a contract, the fact, with the facts bearing on its validity, should be found, relegating to the conclusions of law—if the court should be of such opinion—the legal conclusion that it is void. (Code Civ. Proc., sec. 633.)

Nor do we see anything in the contract to justify such a conclusion. It seems to have been drawn by a professional architect, and apparently with care and skill, and the objections urged to it are hardly worthy of serious consideration. One of them is, that, pending the settlement of the terms of the contract, it was agreed—as appears from a memorandum in the specifications—that the old house on the property was to be the property of the contractor, with the privilege of removing it, or of using the material, where suitable, in the new building, and, according to the finding, that the house was to be taken by him at the agreed value of $100, which accordingly was deducted from the contract price originally agreed upon, leaving the amount as in the written contract,

$8,052. But we can see nothing objectionable in this. The transfer of the house—which was an executed transaction—was antecedent to the contract as executed, and formed no part of it.

Another objection is, that in the specifications reference is made to the adjoining house of the owner, and to portions of the work thereon or therein, as patterns or samples for portions of the work contracted for; as, for example, in the following provision of the specifications: ''All outside finish of every kind and description shall be in strict conformity with that of the adjoining building,''—''All inside finish of every kind and description, doors, windows, etc., . . . shall conform in finish and material to the work of the adjoining building on the south, except,'' etc.,—''All closets shall be fitted up in the same manner as closets of adjoining building, with shelves, clothes-hooks, etc., complete,''—''The mantels to be of the same pattern, finish, and material as the mantels in the adjoining building, with tile facing and hearth,'' etc. But to this we can see no objection, but are rather inclined to think it a peculiarly satisfactory mode of specification. Nor do we think the objection tenable that the old house thereby became part of the contract, and hence that the whole contract was not filed in the recorder's office. All written contracts refer to matters *dehors* the instrument, but such matters (except where, as in *West Coast Lumber Co.* v. *Knapp,* 122 Cal. 79, the matter referred to is another writing) do not become a part of the instrument. Thus monuments and natural objects called for in a deed cannot with any propriety be said to be part of the deed; nor where goods are sold or contracted to be sold by sample can the sample be said to be part of the contract, though conformity to sample doubtless is. Nor is the case different here, where work is contracted to be done according to a specified pattern or sample.

We are of the opinion, therefore, that the requirements of the law with reference to the execution and filing of the contract were fully complied with. These requirements are either the filing of the contract or of a memorandum as prescribed; and to comply with the former of these alternatives it is sufficient that the contract filed be sufficient, under the ordinary rules of law, to constitute a written contract.

In the Chandler case, the court finds the original contract price to be $8,152 (being the amount given in the written contract, with $100 added for the agreed value of the house), and to this it adds $729.68 for changes in the building, and $851 for extra work and materials, less $310.13 for agreed omissions, thus making the total contract price $9,422.55, on which it is found the defendant is entitled to a credit of $8,419.19 for cash paid and for the liens due, thus leaving a balance of $1,003.36 due the plaintiff. But it is claimed by the appellant, and we think rightly, that the item of $729.68 is an improper charge, being merely the contractor's estimate of the value of all changes in construction, and therefore including the cost of all extra work and materials; and it is further claimed, and apparently with justice, that from the amount of $851 for extra work and materials there should be deducted two items improperly charged,—the one for "iron work, $34.26," and the other for "extra mill work, $276.52." Making these deductions, there would remain due to the contractor for extra work and materials the sum of $540.22, which agrees very closely with the amount alleged in his suit for foreclosure, tried together with the suits involved in this appeal, where the amount is given as $542.32. It is very clear, therefore,—without passing definitely upon all the specific items of the account,—that the estimate of the court is excessive.

We do not pass upon the claim of the appellant Bradbury to a credit for the items of work specified in his complaint as omitted by Chandler and done by himself. On the record before us, it is not apparent that he was entitled to these credits, or that the court erred in excluding evidence with regard to them; nor, at least with reference to some of them, is the contrary clear. We leave the question, therefore, to be determined by the lower court on a new trial.

For the reasons given we advise that the judgments and orders appealed from be reversed and the causes remanded for new trial.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgments and orders appealed from are reversed and the causes remanded for new trial.

McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied.

Beatty, C. J., delivered the following dissenting opinion, February 16, 1903:—

BEATTY, C. J.—I dissent from the order of the court denying a rehearing. As to the case of the lien claimants, I think the position of the respondent has been misunderstood, and is therefore not fairly presented in the opinion of the court. The contract for the erection of the building, as reduced to writing and recorded, stated the contract price at $8,052. But the court found that the real price agreed to be paid for the improvement was $8,152. If the real consideration agreed to be paid was one hundred dollars more than the consideration stated in the written and recorded contract, then it seems to me that the conclusion of the trial court was correct,—that the contract, under section 1183 of the Code of Civil Procedure, was void as to the lienors, and that they were entitled to have a judgment for the full amount of their claims made a lien upon the property of the appellant. The difference between $8,052 and $8,152 is trifling, it is true, but the principle governing the case is just the same as if the difference between the actual price and the stated price was relatively much greater. The reason why the contract price was stated at one hundred dollars less in the written contract than as actually agreed was, that the contractor was to take the old building at a valuation of one hundred dollars, and it was agreed that the price as stated in the written contract should be reduced in that amount. If the property-owner agrees with the contractor that the proper cost of a proposed improvement is five thousand dollars, and because the contractor is already indebted to him in the sum of two thousand dollars proposes, and the contractor agrees, that in consideration of the cancellation of that debt the price in the written contract should be stated at three thousand dollars, no one could doubt that the recording of the contract in that form

would be a violation of the spirit and a transgression of the policy of the Mechanics' Lien Law. No distinction can be drawn between the supposed case and this case, except upon principle of *de minimis,* and that principle I think we have no right to apply. For this reason I think that the judgment in favor of the lienors should have been affirmed, as well as the order denying a new trial. In the other case I agree with the views of the court, that the judgment is erroneous. But the respondent in his petition for a rehearing has asked the court, instead of reversing the judgment and order in that case, and sending it back for a new trial, to simply modify the judgment by striking out those items which it is held upon the evidence he was not entitled to recover. I see no good reason for denying this request.