[L. A. No. 1846. Department One.—June 22, 1907.]

GEORGE F. HOWE, Plaintiff, v. HULDA SCHMIDT, Defendant and Respondent.

E. R. WRIGHT et al., Defendants and Appellants.

MONTGOMERY & MULLIN LUMBER COMPANY et al., Plaintiffs and Appellants, v. HULDA SCHMIDT. GEORGE F. HOWE et al., Defendants and Appellants.

APPEAL—ORDER DENYING NEW TRIAL—FINDINGS—JUDGMENT.—On an appeal from an order denying a new trial without any appeal from the judgment the question as to the sufficiency of the findings to support the judgment cannot be considered.

ID.—IMMATERIAL FINDINGS—SUPPORT OF JUDGMENT.—On an appeal from the judgment, findings which are entirely outside of the issues raised by the pleadings cannot be considered in support of the judgment, and consequently, whether or not such findings are supported by sufficient evidence, would appear to be immaterial on motion for a new trial.

MECHANICS' LIENS — SUFFICIENCY OF CONTRACT — IDENTIFICATION OF PLANS AND SPECIFICATIONS.—Where a contract for the erection of a building provides that it is to be constructed ''conformable to the drawings and specifications . . . signed by the parties and hereunto annexed,'' the reference is fully satisfied by pages of specifications and sheets of drawings fastened together and annexed to the contract and signed on the last page thereof by the parties. So fastened together and annexed to the contract the drawings and specifications in fact constitute one document fully identified as to the signatures of the parties in the manner required by the contract by the signatures on the last page. Such a contract complies with the requirements of the Mechanics' Lien Law, and is a valid contract as between the owner and the contractor.

ID.—MATERIALS FURNISHED—CONFORMITY TO CONTRACT—DUTY OF MATERIALMAN.—A materialman is not required to ascertain whether or not material ordered by a building contractor for use in a building conforms to the requirements of the agreement between the contractor and the owner. His contractual relations are solely with the contractor dealing with him, and he simply furnishes material as directed by the party with whom he contracts. He is under no legal obligation to the owner to see that the contractor complies with his contract, and so far as his right to a lien is concerned, is warranted in assuming that the contractor is fulfilling his contract with the owner. This is true, in the absence of bad faith on his part, notwithstanding he may know that material

ordered may not be in all respects as provided by the written contract on file.

Id.—Knowledge of Want of Conformity to Contract.—On an appeal by a materialman from an order refusing him a new trial in an action to enforce a lien for materials furnished for use in the construction of a building, the sufficiency of the evidence to sustain a finding to the effect that the claimant knew that the materials furnished did not comply with the requirements of the filed contract is immaterial. And on such an appeal by a subcontractor the sufficiency of the evidence to sustain a finding that he knew that the work done by him was not in compliance with the contract is also immaterial.

APPEALS from an order of the Superior Court of Los Angeles County refusing a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Charles L. Batcheller, Foster C. Wright, A. P. Thompson, and Davis, Kemp & Post, for Appellants.

J. L. Murphy, and Murphy & Schmidt, for Respondent.

ANGELLOTTI, J.—These are actions for the foreclosure of mechanics' liens, which were consolidated for the purposes of trial. George F. Howe was the original contractor, and brought his action against defendant Hulda Schmidt, the owner of the property, to foreclose his lien for an alleged balance due upon a contract entered into by him and said Schmidt for the erection of a building upon her land. In this action defendant Wright, a subcontractor, and defendants Dodd, H. Raphael Co., California Hardware Co., and the Montgomery & Mullin Lumber Company, materialmen, set up their claims and sought foreclosure of their liens, while in the second action the three last-named defendants sought the same relief as plaintiffs. The trial court adjudged all of the liens to be void, and gave judgment for the owner and against all the claimants, including the original contractor. This is an appeal from an order denying a motion for a new trial made by the defendants Wright, Dodd, H. Raphael Co., California Hardware Co., and the Montgomery & Mullin Lumber Co.

The principal question presented by appellants is as to the validity of the contract between Howe and Mrs. Schmidt,

which the trial court admitted in evidence over the objection of appellants. By the terms of the contract, Howe was to construct the building "conformable to the drawings and specifications made by Edward Kendall and signed by the parties and hereunto annexed." The contract, produced from the recorder's office and offered and received in evidence, consisted of three items or parts fastened together in the following order: 1. The formal contract, signed on the last page thereof by both contractor and owner; 2. The specifications, signed only by the owner; and 3. The drawings or plans, the last or bottom sheet of which was signed by the contractor and owner. There was nothing to indicate that the contract, when offered in evidence, was not in the same condition as at the time of its execution. The contention is that the reference in the contract being to drawings and specifications "*signed by the parties*" as well as annexed, the failure of one of the parties to place his signature somewhere upon the specifications made it impossible to identify the specifications intended except by the aid of oral evidence, and rendered the contract void. We see no good reason, however, for holding that this reference to the "drawings and specifications . . . signed by the parties and hereunto annexed" is not fully satisfied by pages of specifications and sheets of drawings fastened together and annexed to the contract, and signed on the last page thereof by the parties. So fastened together and annexed to the contract, the drawings and specifications in fact constituted one document, fully identified as to the signatures of the parties in the manner required by the contract by the signatures on the last page. This being the situation, it is unnecessary to determine what would have been the effect had the drawings and specifications been simply "annexed," without any compliance with the requirement as to signing, and the cases cited by appellants in support of their claim are inapplicable. *Worden* v. *Hammond,* 37 Cal. 61, was a case where the agreement was to build according "to the 'draft, plan and explanation hereto annexed, marked A," and no draft, plan, or explanation was attached, and it was sought to show by parol that an original paper produced by plaintiff was the one referred to. It was held that where the reference is false it cannot be helped out by oral evidence, the court saying that if the written contract had contained a reference

to the specifications in such a manner that their connection would be apparent upon their production it would be regarded as a sufficient compliance with the statute. *San Francisco Lumber Co.* v. *O'Neill,* 120 Cal. 455, [52 Pac. 728], was a case where the contract was held void simply because the entire contract was not filed as required by law, a sun print copy of the plans and drawings having been filed instead of the original. *West Coast Lumber Co.* v. *Knapp,* 122 Cal. 79, [54 Pac. 533], was a case where the drawings and specifications were referred to simply as "identified by the signatures of the parties," and no plans and specifications corresponding to this reference were produced. In *Donnelly* v. *Adams,* 115 Cal. 129, [46 Pac. 916], the only reference was to "plans, drawings and specifications . . . made by C. E. Henriksen, . . . and which are signed by the parties hereto, and are to be kept and remain in the office of said architect," and there were no signed plans and specifications. In *Willamette etc. Company* v. *College Co.,* 94 Cal. 229, [29 Pac. 629], the contract provided that the work should be done "conformable to the drawings and specifications made by R. B. Young, architect, and signed by the parties, and hereto annexed," and no plans and specifications were, in fact, annexed. None of these cases lends support to the contention that the plans and specifications annexed to the contract in this case did not fully correspond with the reference.

There was an attempt made on the trial to show that the drawings and specifications had not been annexed to the contract at the time of the execution thereof, but the evidence upon this point was conflicting, and the trial court found in effect, as we read the findings, that at the time the signatures were affixed to the agreement and the last page of the plans or drawings, the various papers had been attached together, and were then in the same condition as when produced at the trial. This portion of the finding is not attacked.

The trial court, in the same connection, found that the specifications proper "were not signed by the said Howe by an oversight on his part." Complaint is made that the evidence is insufficient to justify this particular finding. If we concede this finding to be at all material, we are satisfied that it finds sufficient support in the evidence.

No good reason is urged by counsel for holding the contract void. It must be held that the trial court did not err in admitting it in evidence, or in finding it to be a valid contract between the owner and the contractor, fully measuring up to the requirements of the Mechanics' Lien Law.

So far as appellants H. R. Dodd and the California Hardware Co. are concerned, no other point is made in the brief that is available on motion for new trial. No finding of fact affecting the claim of either is attacked, and no error in law occurring at the trial which could have operated to their prejudice, other than the ruling admitting the contract in evidence, is suggested. Nor is there any intimation of any respect in which the decision is "against law." There being no appeal from the judgment, we cannot here consider any question as to the sufficiency of the findings to support the judgment against these defendants.

The case of the appellants Montgomery & Mullin Lumber Co. and the H. Raphael Co. is in the same condition as that of appellants Dodd and the California Hardware Co., except in one respect. As to the Montgomery & Mullin Lumber Company, there is a finding to the effect that the claimant, in furnishing some of the lumber to the contractor for the construction of the building, furnished No. 2 lumber instead of No. 1 lumber, knowing that No. 1 lumber was required by the terms of the building contract between Howe and Schmidt, and as to the H. Raphael Co., there was a finding that the claimant knew that certain doors furnished by it to the contractor were not in compliance with the terms of the said building contract as to size. These findings are attacked as being unsupported by the evidence. There was no evidence that either of these claimants had any actual knowledge in this behalf, their only knowledge as to the requirements of the contract being such constructive knowledge as the contract filed for record imputed to them, and we take the findings as meaning no more than that the claimant knew that the materials did not comply with the requirements of the filed contract in the respects stated. There is no intimation in these findings that either of the claimants did not fully comply with the direction of the contractor as to size and quality of the materials furnished. These findings are clearly as to matters that were not embraced within the issues made by the plead-

ings, and, so far as the record shows, there was no evidence introduced by any party on the trial in regard thereto. On an appeal from the judgment, they, therefore, could not be considered in support of the judgment. (*Rudel* v. *County of Los Angeles,* 118 Cal. 281, 286, [50 Pac. 400]. See, also, *Riverside Water Co.* v. *Gage,* 108 Cal. 240, [41 Pac. 299].) Whether or not they were supported by sufficient evidence would, therefore, appear to be immaterial on motion for a new trial. Regardless of this, however, the findings appear to us to be as to matters entirely immaterial to the controversy between the parties to this action. The fact found is simply that these claimants knew that certain materials furnished by them to the contractor in full accord with his directions, to be used in the building, did not in all respects comply with the requirements of the original agreement between the contractor and Mrs. Schmidt, filed in the recorder's office. A materialman is not required to concern himself with the question as to whether or not material ordered by a building contractor for use in a building measures up to the requirement of the agreement between the contractor and the owner. His contractual relations are solely with the contractor dealing with him, and he simply furnishes material *as directed by the party with whom he contracts.* He is under no legal obligation to the owner to see that the contractor complies with his contract, and, so far as his right to a lien is concerned, is warranted in assuming that the contractor is fulfilling his contract with the owner. This is true, notwithstanding he may know that material ordered may not be in all respects as provided by the written contract on file. That contract is subject to change and modification in such matters by the parties thereto, the owner and the contractor, without notice to other parties, and the materialman has the right to assume that no fraud is being perpetrated by the contractor upon the owner in the use of the materials ordered. We do not mean to intimate that the materialman could enforce a claim of lien where the circumstances showed him to be a participant in a conspiracy to defraud the owner, but mere knowledge that materials ordered are not in full accord with the requirements of the contract on file does not create the slightest presumption of fraud. This being so, the findings in question are absolutely immaterial, and their presence could not affect the judgment to be given.

Whether or not a judgment given against such claimants was
correct would be determined without regard to the presence of
such finding. It is clear, then, that it is immaterial whether
these findings are sustained by the evidence. If such findings
had been that the claimants possessed no such knowledge, their
right to a judgment would have been no greater than under
the present findings. The case of these appellants, then, is
precisely the same as that of the appellants Dodd and the Cal-
ifornia Hardware Company. The real question as to them
appears to be one as to the sufficiency of the findings to sup-
port the judgment, a question not determinable on motion for
a new trial.

As to the appellant Wright, who was the subcontractor for
the plumbing, gasfitting, and sewering, and who, according to
the allegations of his own pleading, had agreed to do the same
according to the plans and specifications contained in the con-
tract between Mrs. Schmidt and Howe, the findings of fact
attacked by the brief are findings XII, XVII, and a portion of
VIII. Finding XII, which does not appear to be within the
issues made by the pleadings, was that said Wright, as sub-
contractor for the plumbing work, "knew at the time he con-
structed the same that he was not complying with the contract
between said parties, or supplying said vents and brackets.
Finding XVII was not assailed in the statement on motion
for new trial by specification of insufficiency. The same is
true as to the portion of finding VIII complained of, which is
that "the plumbing provided in said contract was improperly
done, as follows,—no vents were placed either in the closets or
the kitchen, and the N. P. brackets for the wash basins were
omitted altogether." It is manifest that finding XII, the only
one of these findings assailed by specification of insufficiency,
was entirely immaterial, and could not affect the rights of the
claimant. That the plumbing contract was not complied with
by him must be taken as conclusively established here by the
unassailed portion of finding VIII already set forth. Whatever
effect this failure to comply should legally have had on his
claim of lien, a matter we are precluded from considering on
this appeal, that effect could not be changed in the slightest
degree by the further finding that he knew he was not comply-
ing with his contract. As in the case of the other claimants,
if the judgment given upon these findings was erroneous, the

error is one that cannot be reviewed on motion for new trial.

The order denying a new trial must be affirmed, and it is so ordered.

Shaw, J., and Sloss, J., concurred.