[Civ. No. 512.   Second Appellate District.—September 8, 1908.]

GEORGE H. HARTWELL, Respondent, v. C. GANAHL
LUMBER COMPANY, a Corporation, et al., Appellants.

MECHANICS' LIENS—ACTION BY OWNER—FILING OF BUILDING CONTRACT
—SPECIFICATIONS SIGNED BY CONTRACTOR ONLY—IDENTIFICATION.—
In an action by the owner of a building to determine the rights of
lien claimants to a fund deposited in court, in which the validity
of the building contract filed with the recorder by the owner, with
plans and specifications attached, signed by the contractor only,
was involved, *held*, upon appeal affirming the opinion of the superior
court that since the contract signed by both parties recited that
the building was to be constructed conformably to the plans and
specifications of the architect attached thereto, which showed on
their face that they were made as contemplated by the parties,
and are the ones referred to in the contract filed therewith, the
identification of them is sufficient.

ID.—PAROL EVIDENCE INADMISSIBLE.—Parol evidence is inadmissible to
show in any case what plans and specifications were intended by the
parties to form part of their contract.

ID.—RULE OF CONSTRUCTION AS TO CERTAINTY.—Applying the rule of
construction that that is certain which can be made certain from the
inspection of instruments forming part of one whole, it is sufficient
that it can be determined with certainty from the inspection of the
plans and specifications attached to the contract, and filed together
with it, that they are referred to and identified therein.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

G. C. De Garmo, and Charles L. Batcheller, for Appellants.

R. L. Horton, for Respondent.

ALLEN, P. J.—Appeal from a judgment and an order
denying the motion of appellants for a new trial.

The case presented is one where plaintiff brought an action
against a large number of defendants, each of whom had
filed a certain claim of lien against the property of plaintiff,

requiring them to litigate as to their respective claims to a balance in plaintiff's hands subject to such liens. It was stipulated that the claims of lien were correct as to the amounts.

The only question presented upon this appeal relates to the validity of a certain building contract entered into between plaintiff and one Parlier for the construction of a certain house. There is appended to the respondent's brief an opinion filed by Hon. Walter Bordwell, trial judge, in support of his judgment determining that the contract entered into was a valid one. This opinion reflects our views upon the question involved and is adopted as the opinion of this court:

"The plaintiff is the owner of real property upon which the defendant Parlier, as contractor, constructed a dwelling; the other defendants are lien claimants for labor performed, materials furnished, or subcontract work. The plaintiff by this action seeks to have the defendants interplead and desires that the court by its decree divide the amount of money conceded to be due under the contract and which he has deposited in court.

"The plaintiff has offered an instrument from the recorder's office, purporting to be a contract under which the building was constructed, as evidence that the provisions of section 1183, Code of Civil Procedure, requiring building contracts over one thousand dollars to be in writing, have been complied with. The defendants object to the offer on the ground that the contract has not been duly executed in that the plans and specifications, although attached to the contract, have not been signed by the parties, as required by the express provisions of the contract. The objections will be overruled for which I give the following reasons:

"The instrument offered consists of three parts all attached, the first part being a builder's contract in the form commonly used in this vicinity; the second, specifications, and the third, plans. The first part usually called the contract, is signed by both parties; among other things it contains the statement that the contract is to construct 'a two-story frame residence with basement and attic, said building to be built on lot 176 of Clark & Bryan's Westmoreland tract.' Also that the building is to be constructed 'conformable to the drawings and specifications of even date herewith, made by A. L. Haley, architect, and signed by the parties.'

"Turning to the specifications attached to this contract, we find them to be named as 'Specifications of the material and labor to be used in the erection of a two-story frame residence building for George H. Hartwell, Esq., on lot 176 Westmoreland tract . . . A. L. Haley, architect,' and underneath the cover we find again 'general specifications for the materials and works necessary in the erection and completion of the two-story frame residence building for George H. Hartwell, to be located on lot 176 Westmoreland tract, on the west side of Menlo avenue, according to the accompanying plans and specifications as furnished by A. L. Haley, architect, 204-5 Henne Building, Los Angeles, Cal.'

"The plans are attached to the specifications and are marked as indicated in the specifications as prepared on the scale of one inch to one foot and by 'A. L. Haley, architect, 204-5 Henne building, Los Angeles, Cal.' The second and third portions of the instrument, that is, the plans and specifications, are each signed by the contractor.  I think it proper to hold as a presumption that the contract was signed by the owner and contractor in the condition it now is, to-wit, with the plans and specifications attached thereto; and, furthermore, the oral evidence in the case shows it was so signed. No oral evidence can be received to show what plans and specifications were intended by the parties to form a part of their contract; the sole question here is whether the plans and specifications attached to the contract can, as a proposition of law, without the aid of any oral testimony, be held to be the plans and specifications intended by the parties to be those constituting a part of their contract.

"Sufficiency of execution of contracts, resembling the one here, has been at different times before the Supreme Court. In *Donnelly* v. *Adams,* 115 Cal. 129, [46 Pac. 916], the contract refers to specifications as being signed and kept in the office of the architect; no specifications are in fact signed; the contract was held to be inchoate and void because of the misreference.   In *West Coast Lumber Co.* v. *Knapp,* 122 Cal. 80, [54 Pac. 533], the contract recited that the plans and specifications were 'identified by the signatures of the parties thereto.'  No such signatures being found, the contract was held invalid, although after the contract was signed the plans and specifications were attached and the whole filed as one document.   In *Worden* v. *Hammond,* 37 Cal. 62, the plans

and specifications were referred to as annexed, but were not in fact; the contract held void. In *Willamette S. M. L. & Mfg. Co.* v. *Los Angeles College,* 94 Cal. 229, [29 Pac. 929], held that a failure to annex drawings referred to in the contract as 'hereunto annexed' renders the contract invalid; and holds that it is necessary that the 'entire terms (of contract) can be ascertained by mere inspection and without oral testimony.' There have been a number of other cases decided by the Supreme Court all holding that where the plans and specifications were not filed with the recorder the contract 'is rendered void.'

"It is all a question of identification; if, from an inspection of the instrument offered, the court can determine that it is the contract agreed upon by the parties in its entirety it will be sufficient; but if any oral testimony is required to enable the court to determine whether or not this is the complete contract intended by the parties, then the execution is insufficient, for, according to all authorities, no such oral testimony can be received.

"None of the cases referred to as having been before the Supreme Court was precisely like the one at bar; if they were, then the determination of the Supreme Court would, of course, settle the matter; or if this case come entirely within the principles laid down by the Supreme Court, then those decisions would be conclusive here. Some of these cases so strongly resemble the one on trial that, at first impulse, they seem to determine the matter; but there is a difference, and the most important is, that in none of these cases does it appear that there was any method or reference other than the signing or attaching of the plans and specifications by which it could be determined that the plans and specifications attached were the ones relied on by the parties for their guide as to details of construction; here the contract signed by both parties referred to plans and specifications to be prepared by Mr. Haley, the architect, and turning to the plans and specifications attached to the contract, we find that they go together and contain on their face the information that they were prepared for the construction of the house of the plaintiff and on property particularly described, to-wit, precisely the same property described in the contract. In the second place, the plans and specifications contain the signature of one of the parties to the contract, to-wit, the contractor, and is endorsed by the

county recorder, as 'filed at the request of the owner'; the plaintiff's counsel argues (and not without force) that this is a sufficient signing to meet the requirements of the contract, as it indicates an intention on the part of both parties to regard this as their contract and binding upon them.  I might find more difficulty in satisfying my mind on the sufficiency of the execution if the argument as to the sufficient signing was the only answer to the attack made upon the contract; but an inspection of the plans and specifications shows clearly, irrespective of any signing of the contract, that they were made as contemplated by the parties; and these plans and specifications are the ones referred to in the contract which is signed by the parties.

" 'That is certain which can be made certain' is applicable here, because from an inspection of the instruments as a whole it can be determined with certainty that the plans and specifications attached are those referred to in the contract.

"The rule by which we are bound is, that we must determine from an inspection of the writing, without resort to parol testimony, what the parties intended to rely upon as their guide in the performance of the things to be done; and all the Supreme Court cases cited by counsel for the defendants were considered as coming within this rule.  If the instrument, as a whole, makes certain what that intention was, it will suffice, and no omission which does not cause uncertainty, or tend to mislead, will be allowed to stand in the way of upholding the contract, and to my mind, in this case, it can determine, without resorting to parol testimony, that the plans and specifications. attached are the ones which the parties intended; hence, in my judgment, this case does not come within the rule.

"WALTER BORDWELL, Judge."

The validity of the contract, then, being determined, the court, by its order, distributed the fund among the various claimants.  While the court erred, under decisions of our supreme court announced since the trial of this cause, in awarding preference to labor lienors and in allowing them attorney's fees, as well as attorney's fees to the materialmen, appellants did not serve notice of appeal upon any of the lien claimants to whom such rights had been given and make no point, if in fact any could be made, that the allowance of an

8 Cal. App.—47

attorney's fee, as between the appellants, materially preju-
diced either in his rights. The judgment, in so far as it af-
fects the defendants other than appellants, has become final,
and we see no prejudicial error in the record open to correc-
tion.

The judgment and order are affirmed.

Taggart, J., and Shaw, J., concurred.