[Civ. No. 2214. Second Appellate District.—April 5, 1917.]

## L. W. BLINN LUMBER COMPANY (a Corporation), Appellant, v. ALICE B. COHN et al., Respondents.

BUILDING CONTRACT — INCOMPLETELY INITIALED AND UNATTACHED SPECIFICATIONS—VOID CONTRACT.—A building contract reciting that the work should be done and performed conformably to the drawings and specifications of certain architects to be filed with the contract and identified by the signatures of the respective parties thereto, is wholly void, where the specifications consisting of three sets were not attached to the contract nor to each other when insufficiently initialed, or subsequently examined or further initialed after they were fastened together and filed for record by some person other than and in the absence of the contractor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

E. S. Williams, for Appellant.

W. O. Morton, Harry A. Hollzer, and C. B. Morton, for Respondents.

CONREY, P. J.—On December 5, 1910, the defendant Alice B. Cohn, as owner, and defendant John Rebman, as contractor, signed a document purporting to be a contract for the construction of an apartment building and garage on land of Mrs. Cohn in the city of Los Angeles. The writing provided that the whole of the work to be performed thereunder should be completed by the first day of April, 1911. This was not done, and on the twelfth day of September, 1911, the buildings were not yet completely constructed. The owner took possession and proceeded to complete them, and they were fully and actually completed on the thirtieth day of October, 1911. Pursuant to a contract made with Rebman, the plaintiff furnished lumber to be used and which was used in the construction of those buildings, and on account thereof there became due to the plaintiff the sum of $9,180.61, balance unpaid of the value of the materials thus furnished. The court granted judgment against Rebman for that sum, with interest thereon at seven per cent per annum from October 3, 1911, together with $1.90 for cost of verifying and recording its claim of lien, and its costs of suit herein. Plaintiff's claim of lien enforceable against the owner's property was allowed in the sum of only $5,962.65, with costs. The plaintiff has appealed from that part of the judgment which thus limits the extent of its lien.

Appellant claims that the building contract between Mrs. Cohn and Rebman was invalid because it was not in writing as required by law, and that therefore the plaintiff was entitled to have a lien for the full value of the materials furnished by it. The contract, after describing the work to be done, provided as follows: "All of which work shall be done and performed conformable to the drawings and specifications by Messrs. Neher and Skilling, architects, and signed

by the parties hereto, which are intended to be filed herewith in the office of the county recorder of said Los Angeles county, and which are identified by the signatures of the respective parties hereto." On December 10, 1910, that document was filed in the recorder's office of Los Angeles County, and at the same time there were filed with it three sets of specifications: (1) General specifications referring to the construction of the apartment building in general, but not including any reference to electric wiring or to any garage; (2) specifications for electric wiring; (3) specifications for garage. The general specifications bore the initials of John Rebman, placed by him on each sheet thereof. They did not have the signature of Mrs. Cohn, except that she wrote her initials, A. B. C., on page 5 thereof. The same initials, A. B. C., were placed on the other sheets of the general specifications by one A. B. Cohn, not the owner Alice B. Cohn, without authority from her and not in her presence. The electric wiring specifications and the garage specifications were neither signed nor initialed by the owner nor by Rebman, but the initials A. B. C. had been placed thereon by the said A. B. Cohn acting under no authority from Alice B. Cohn. At the time when the several specifications were initialed as above stated, they were not attached to the signed contract nor to each other. Afterward they were fastened together, and filed for record by some person other than and in the absence of John Rebman. Rebman did not sign or initial the specifications, except as above stated, and he never examined the same before they were recorded or after they were fastened together or after he signed and initialed the same as above stated.

Under decisions heretofore made and which fully state the rule and its reasons, it must be held that the purported contract is "wholly void" and the contention of the plaintiff must be sustained. (*Donnelly* v. *Adams*, 115 Cal. 129, [46 Pac. 916]; *Donnelly* v. *Adams*, 127 Cal. 24, [59 Pac. 208]; *West Coast Lumber Co.* v. *Knapp*, 122 Cal. 79, [54 Pac. 533]; *San Francisco Lumber Co.* v. *O'Neil*, 120 Cal. 455, [52 Pac. 728]; *Howe* v. *Schmidt*, 151 Cal. 436, [90 Pac. 1056]; *Hartwell* v. *C. Ganahl Lumber Co.*, 8 Cal. App. 733, [97 Pac. 901].) Respondents also rely upon *Hartwell* v. *C. Ganahl Lumber Co.*, *supra*, and claim that the facts of this case are substantially like that case in which the validity of the con-

tract was sustained.   But the analogy does not hold.   In that case the court upon the evidence before it held it as a presumption that the contract was signed by the owner and contractor in the condition in which it came to the court, to wit, with the plans and specifications attached thereto, and there was oral evidence that it was so signed.   In that case also the specifications contained a statement describing them as specifications relating to a building to be erected for the named owner, together with a description of the lot on which the building was to be constructed.   In the case at bar the findings of the court declare, as above stated, that the specifications and contract were not together when the contract was signed.   It further appears that the electric wiring and garage specifications, although they contain the name of the owner and the names of the architects, do not contain any reference to the location of the land upon which the work was to be done.

Respondents endeavor to avoid an adverse decision upon this branch of the case by suggesting that at the trial it was stipulated that the contract was in the form required by the lien law and recorded prior to commencement of the work as required thereby, including the specifications and plans attached.   It is true that such stipulation was made at the opening of the trial.   The complaint at that time consisted of two counts neither of which attacked the validity of the contract.   The stipulation, therefore, evidently was made in order to place before the court facts about which there was no controversy, but which were necessary in order to present in connection therewith the facts about which controversy then existed.   At a later time in the trial the plaintiff was allowed to amend its complaint by adding thereto a statement of the facts to which we have referred, and on account of which the plaintiff sought to attack the validity of the contract.   Since nothing appears to the contrary, we must assume that the further conduct of the trial under the amended pleadings, and the actual receiving and considering of evidence upon the new issues thus framed, was understood by the parties and by the court as having set aside the above-mentioned stipulation, and that the court was no longer bound thereby.   Indeed, the bill of exceptions states that "thereupon it was agreed that the court should first hear and dispose of the issue of the invalidity of the contract."

The other principal ground of appeal presented by counsel for plaintiff assumes the validity of the building contract. In view of our decision against the validity of that contract, it becomes unnecessary to pass upon other questions.

That portion of the judgment from which the plaintiff L. W. Blinn Lumber Company appealed is reversed, and the trial court is directed to amend its judgment so as to recognize and enforce the lien of the plaintiff as claimed by it for the full amount of the balance due to it, as shown by the findings of fact.

James, J., and Shaw, J., concurred.